1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROGER ALLAN STEWART,

               Plaintiff,

     v.

M&T MORTGAGE CORPORATION, et al.,

               Defendants.

CASE NO. C12-5741 BHS

ORDER GRANTING
DEFENDANT'S MOTION TO
DISMISS

     This matter comes before the Court on Defendant Lawyers Title Insurance Company's ("Lawyers Title") motion to dismiss (Dkt. 13). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

     On August 10, 2012, Plaintiff Roger Allan Stewart ("Stewart") filed a complaint in Pierce County Superior Court for the State of Washington requesting that the Court quiet title to certain real property.  Dkt. 1, Exh. A.  On August 21, 2012, Lawyers Title removed the matter to this Court.  Dkt. 1.

1    On October 3, 2012, Lawyers Title filed a motion to dismiss based on *res judicata*. Dkt.

2 13.  Lawyers Title claims that

3    This is the fourth frivolous lawsuit filed by Plaintiff concerning real
     property located at 10717 State Route 162 E., Puyallup, WA 98374 ("Subject
     Property"). The three prior cases were filed in the United States District Court for
4    the Western District of Washington at Tacoma under Case No. CV-10-5148-RBL,
     Case No. CV-10-5884-RBL, and Case No. CV-11-5442-RBL. After dismissing
5    frivolous claims in all three of these matters, Judge Leighton entered an Order on
     August 30, 2011, warning Plaintiff "any future frivolous filings by Mr. Stewart on
6    the subjects of this lawsuit may result in the imposition of sanctions." (Dkt. No 13
     – ORDER filed under Case No. CV-11-5442-RBL).

7

8 *Id*. at 1–2.  On October 19, 2012, Stewart responded.  Dkt. 13.  On October 24, 2012, Lawyers

  Title replied.  Dkt. 19.

9
                                    **II. DISCUSSION**

10    Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure

11 may be based on either the lack of a cognizable legal theory or the absence of sufficient facts

12 alleged under such a theory.  *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th

13 Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the

14 plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983).  To survive a motion

15 to dismiss, the complaint does not require detailed factual allegations but must provide the

16 grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a

17 cause of action.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).  Plaintiffs must

18 allege "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 1974.  In the

19 event the court finds that dismissal is warranted, the court should grant the plaintiff leave to

20 amend unless amendment would be futile.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d

   1048, 1052 (9th Cir. 2003).

21    Quiet title actions are "designed to resolve competing claims of ownership . . . [or]

22

the right to possession of real property." *Kobza v. Tripp*, 105 Wn.App. 90, 95 (2001). Washington's statute governing quiet title actions recognizes that a deed of trust creates only a secured lien on real property, and does not convey any ownership interest or right to possess the subject property.  RCW 7.28.230(1).

In this case, Stewart requests that the Court quiet title in his name to property that has already been foreclosed upon.  Stewart has failed to show that he has, or will ever have, a competing claim to ownership in the property in question.  Therefore, the Court grants Lawyers Title's motion to dismiss.  The Court dismisses the complaint with prejudice against all parties because any amendment would be futile.

### III. ORDER

Therefore, it is hereby **ORDERED** that Lawyers Title's motion to dismiss (Dkt. 13) is **GRANTED**.  The Clerk is directed to remove all pending motions from the Court's calendar and close this case.

Dated this 6th day of November, 2012.

_____
BENJAMIN H. SETTLE
United States District Judge